FILED ___ENTERED
LODGED ___RECEIVED

JUN 20 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MARSCHALL<br><br>Defendant. | NO. CR 17-5226 RBL<br><br>INFORMATION |

The United States Attorney charges:

## A. INTRODUCTION

At all times relevant to this Information:

1. Under the Food, Drug and Cosmetic Act (hereinafter "FDCA"), "interstate commerce" meant commerce between any State or Territory and any place outside thereof, and commerce within the District of Columbia or within any other Territory not organized with a legislative body. 21 U.S.C. § 321(b).

2. Under the FDCA, "label" meant a display of written, printed, or graphic matter upon the immediate container of any article. 21 U.S.C. § 321(k). The term "labeling" was defined as all labels and other printed or graphic matter upon any article or any of its containers or wrappers, or accompanying such article. 21 U.S.C. § 321(m).

United States v. Richard Marschall - 1
INFORMATION

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. Under the FDCA, "drugs" were defined as, among other things, articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; articles (other than food) intended to affect the structure or any function of the body of man or other animals; and articles intended for use as a component of any such articles. 21 U.S.C. § 321(g).

4. A drug intended for use in man which, because of its toxicity, or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug, or a drug which was limited by an approved application under 21 U.S.C. § 355 to use under the professional supervision of a practitioner licensed by law to administer such drug, could only be dispensed by a practitioner licensed by law pursuant to a lawful prescription. 21 U.S.C. § 353(b)(1). These drugs were commonly known as "prescription drugs." Dispensing a prescription drug without a valid prescription by a licensed practitioner was deemed by statute to be an act which caused the drug to be misbranded while held for sale. 21 U.S.C. § 353(b)

5. A drug was misbranded if, among other things, its labeling was false or misleading in any particular. 21 U.S.C. § 352(a).

6. A drug was also misbranded if the labeling on the drug did not bear adequate directions for use. 21 U.S.C. § 352(f)(1). "Adequate directions for use" meant directions under which a layman could use a drug safely and for the purposes for which it was intended without a doctor's supervision. 21 C.F.R. § 201.5.

7. Directions under which a layperson could use a drug safely could not be written for a prescription drug because such drugs could, by definition, only be used safely (if at all) at the direction, and under the supervision, of a licensed practitioner. Approved prescription drugs dispensed pursuant to a valid prescription from a licensed practitioner were exempt from the requirement for adequate directions for use by a layperson. But prescription drugs dispensed without a valid prescription by a licensed provider were necessarily misbranded for lacking adequate directions for use.

United States v. Richard Marschall - 2
INFORMATION

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Under the FDCA, the doing or causing of the following acts, among others, was prohibited:

    a. The introduction or delivery for introduction into interstate commerce of any drug that was misbranded (21 U.S.C. § 331(a));

    b. The receipt in interstate commerce of any drug that was misbranded, and the delivery or proffered delivery thereof for pay or otherwise (21 U.S.C. § 331(c)); and;

    c. The doing of any act with respect to a drug, if such act was done while the drug was held for sale (whether or not the first sale) after shipment in interstate commerce, which resulted in the drug being misbranded (21 U.S.C. § 331(k)).

9. Human Chorionic Gonadotropin (HCG) was a hormone produced in women during pregnancy. HCG intended for therapeutic uses or to affect the structure or function of the human body was a drug under 21 U.S.C. § 321(g). Certain prescription drugs containing HCG were approved by the FDA for the treatment of infertility or other hormonal disorders. No HCG drug was approved by the FDA to treat obesity or promote weight loss. Any injectable HCG drug intended to treat obesity or promote weight loss was a prescription drug.

**B. Richard Marschall's Prior Conviction**

10. On or about September 26, 2011, RICHARD MARSCHALL was convicted of introducing a misbranded drug into interstate commerce with the intent to deceive, pursuant to Title 21, United States Code, Sections 331(a) and 333(a)(2). *See United States v. Richard Marschall*, CR11-5222BHS (W.D. Washington).

11. RICHARD MARSCHALL's doctor of naturopathy license was suspended by the State of Washington Department of Health no later than November 20, 2013. RICHARD MARSCHALL did not possess an active medical license at any point thereafter.

/
/
/
/

United States v. Richard Marschall - 3
INFORMATION

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# COUNT 1
**(Introduction of Misbranded Drugs Into Interstate Commerce)**

12. Paragraphs 1-11 of this Information are incorporated by reference as if set forth fully herein.

13. On or about October 28, 2016, in Port Angeles, in the Western District of Washington, and elsewhere, RICHARD MARSCHALL, after having been convicted of a violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), did, with the intent to defraud and mislead, introduce, deliver, and cause the introduction and delivery for introduction into interstate commerce, from Port Angeles, Washington, to various locations outside of Washington State, of drugs, to wit: products containing injectable Human Chorionic Gonadotropin (HCG), which were misbranded as defined at Title 21, United States Code, Section 352(f)(1) in that the drugs lacked adequate directions for use and were not exempt from this requirement.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

DATED this 20TH day of June, 2017.

ANNETTE L. HAYES
United States Attorney

ANDREW FRIEDMAN
Assistant United States Attorney

MATTHEW D. DIGGS
Assistant United States Attorney

United States v. Richard Marschall - 4
INFORMATION

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970