Judge Ronald B. Leighton

FILED _____ LODGED
_____ RECEIVED
JUL 06 2017
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD MARSCHALL, <br><br> Defendant. | NO. CR17-5226RBL <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Matthew Diggs, Assistant United States Attorney for said District, Richard Marschall, and his attorney, Miriam Schwartz, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information: Introduction of Misbranded Drugs into

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Interstate Commerce, as charged in Count One, in Violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

    a.    The elements of the offense of Introducing Misbranded Drugs into Interstate Commerce, as charged in Count One, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), are as follows:

First, the Defendant knowingly caused the introduction into interstate commerce of certain drugs;

Second, the drugs were misbranded; and,

Third, the defendant caused the introduction of misbranded drugs after a previous conviction of him under Title 21, United States Code, Section 333 had become final.

4. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty are as follows:

    a.    For the offense of Introduction of Misbranded Drugs into Interstate Commerce, as charged in Count One: A maximum term of imprisonment of up to three (3) years, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to one (1) year, and a mandatory special assessment of one hundred dollars ($100.00).

If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;
   b. The right to a speedy and public trial before a jury of his or her peers;
   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;
   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
   e. The right to confront and cross-examine witnesses against Defendant at trial;

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

a. The Defendant, Richard Marschall was formerly a licensed naturopathic physician with a practice in Port Angeles, Washington.

b. In September 2011, Richard Marschall was convicted in United States District Court for the Western District of Washington for Causing the Introduction of Misbranded Drugs into Interstate Commerce, under Title 21, United States Code, Sections 331(a) and 333(a)(2). *See United States v. Richard Marschall*, CR11-5222BHS. That conviction is final.

c. RICHARD MARSCHALL's doctor of naturopathy license was suspended by the State of Washington Department of Health no later than November 20, 2013. RICHARD MARSCHALL did not possess an active medical license at any point thereafter.

d. Human Chorionic Gonadotropin (HCG) is a hormone produced in women during pregnancy. HCG intended for therapeutic uses or to affect the structure or function of the human body meets the definition of a drug under the Food Drug and Cosmetic Act (FDCA). *See* 21 U.S.C. § 321(g). Certain prescription drugs containing HCG were approved by the FDA for the treatment of infertility or other hormonal disorders. No HCG drug was approved by the FDA to treat obesity or promote weight loss. Any injectable HCG drug intended to treat obesity or promote weight loss was a prescription drug under the FDCA. *See* 21 U.S.C. § 353(b)(1).

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e. During October 2016, Richard Marschall communicated by phone and email with an undercover agent from FDA-OCI (UC) about the use of HCG for weight loss. Marchall did not meet the UC in person. Marschall offered to provide HCG to the UC for the purposes of weight loss for $550 for a one-month supply.

f. On October 28, 2016, Richard Marschall mailed or caused to be mailed a package containing injectable HCG to the UC from Port Angeles, Washington to an address in Portland, Oregon. The HCG had been ordered by Marschall from a compounding pharmacy in Florida.

g. Between February 2014 and February 2017, Richard Marschall prescribed HCG to approximately 60 individuals for weight loss. Richard Marschall did not inform these patients that he did not possess an active and valid naturopathic license.

h. The defendant acknowledges that he caused the introduction of HCG into interstate commerce. The Defendant further acknowledges that the drugs were misbranded, in that they lacked adequate directions for use and were not exempt from that requirement.

8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

9.    **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), his total offense level should be decreased by two levels because he has clearly demonstrated acceptance of responsibility for his offense.

10.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    A base offense level of 6, pursuant to USSG § 2N2.1(a).

    b.    A four-level enhancement because the defendant was convicted under 21 U.S.C. § 331 after sustaining a prior conviction under that section, pursuant to USSG § 2N2.1(b)(1).

    c.    A two-level enhancement because the defendant abused a position of public or private trust in a manner that significant facilitated the commission of the offense, pursuant to USSG §3B1.3.

    d.    The parties agree that the defendant's offense level should be decreased by two levels, pursuant to USSG § 3E1.1, as further described in paragraph 9.

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Sentencing Recommendation.** The parties agree to recommend a sentence of imprisonment of no less than sixty (60) days and no more than six (6) months. The parties are free to make any other recommendations they deem appropriate regarding other portions of Defendant's sentence, including the conditions of release, fines, and restitution. The Defendant acknowledges that the sentencing range in this paragraph is not binding upon the Court.

12. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

14. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine,

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

  b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

  This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence. If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  15. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

  16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

/
/
/
/

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of July, 2017.

RICHARD MARSCHALL
Defendant

MIRIAM SCHWARTZ
Attorney for Defendant

MATTHEW DIGGS
Assistant United States Attorney

PLEA AGREEMENT/MARSCHALL
CR17-5226RBL - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970